IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **EMIR DINI** ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> **STATE OF WISCONSIN** ) <br> **ET AL.,** ) <br> Defendant ) <br> ) | Case No. 3:20-CV-00087 <br><br> HON. JUDGE WILLIAM M. CONLEY <br><br> EMERGENCY MOTION FOR MISC. RELIEF |

## EMERGENCY MOTION FOR MISC. RELIEF

COMES NOW, the Plaintiff, appearing *pro se*, who submits this **EMERGENCY MOTION FOR MISC. RELIEF** seeking that his case be reviewed, in order to avoid irreparable harm in his capacity to prosecute his claims against the **DEFENDANT**. In support thereof, the Plaintiff states:

**I.** That his case has been under advisement for a period of time exceeding 7+ months; During which time, other cases (see below) have progressed without similar delays:

- *Hereford v. Catholic Charities* (3:20-CV-00206)
- *Xiong v. Board of Regents* (3:20-CV-00242)
- *Jimison v. Board of Regents* (3:20-CV-00318)
- *Van Dien v. State of Wisconsin* (3:20-CV-00252)
- *Gaura v. Anderson et al.,* (3:20-CV-00259)
- *McNealy v. Sam Van Galder Inc.,* (3:20-CV-00040)
- *Clay v. Madison Property Management* (3:20-CV-00045)
- *Loyd v. Marten Transport* (3:20-CV-00032)
- *Ross v. BNSF Railway Corp.* (3:20-CV-00060)
- *Butler v. Eschalante et al.,* (3:20-CV-00175)

- *Blumenthal v. Advanced Family Dental* (3:20-CV-00428)

...and that all of these cases are of similar nature, all alleging Civil Rights claims, and classified as Employment related (442). **The only distinction being the Plaintiff's is the only case that has proceeded *in forma pauperis*.**

**II.** That in granting the Plaintiff leave to proceed *in forma pauperis*, the COURT, per 28 U.S.C § 1915(e)(2) had (presumably) reviewed his complaint to, "determine whether it [was] frivolous, malicious, [and/or] ...fails to state a claim...or seeks relief from defendant who is immune"; Given that a review of the complaint is a ***prerequisite*** to the granting of leave for IPF, which the Court has already done, it would also follow that in doing so, it had (presumably) found the complaint free of legal defects which would have barred it from proceeding, *raising the question as to why the complaint is still under advisement after 7+ months?*;

**III.** That 28 U.S.C § 1915 et seq., was passed in order to create equitable access to the COURTS, not a two-track system, in which those proceeding IPF would have their cases languish under "advisement" for **MONTHS**; Given that the Plaintiff ***is the only known case*** in which IPF was requested (for 442 case types) and is the only case which has effectively ceased to progress, the COURT has done the exact opposite of what 28 U.S.C § 1915 et seq., intended; Given that the Plaintiff has been subjected to inferior service by the COURTS in their responsiveness to his case; while expediting and treating more favorably those able to pay the $400 filing fee;

**IV.** That the Plaintiff will be irreparably harmed, unless this COURT acts to review his complaint and issue a determination as to whether this case can proceed; That limitations exist on the preservation of evidence (e.g, 29 C.F.R § 1602 et seq.); That other constraints, primarily time-related, will disadvantage the Plaintiff, if the case is further delayed;

That for these foregoing reasons, the Plaintiff requests that the COURT complete it's obligations under 28 U.S.C § 1915 et seq., and issue a decision as to this case.

*Respectfully submitted,*

/s/ Emir Dini