IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EMIR DINI,

           Plaintiff,           ORDER

v.

           20-cv-87-wmc

STATE OF WISCONSIN, and
WISCONSIN LEGISLATIVE
REFERENCE BUREAU,

           Defendants.

---

*Pro se* plaintiff Emir Dini is proceeding against defendants the State of Wisconsin and the Wisconsin Legislative Reference Bureau on discrimination claims based on race, national origin, and religion. Before the court is Dini's (1) motion to disqualify defendants' counsel (dkt. #23), and (2) *ex parte* motion for appointment of counsel (dkt. #24). For the following reasons, the court will deny both motions.

**I.  Motion to Disqualify Defense Counsel**

Plaintiff seeks to disqualify Assistant Attorney General Anne M. Bensky from representing defendants in this case, arguing that she will be a necessary witness at trial. However, defendants have substituted another assistant attorney general for Attorney Bensky as their attorney of record in this case. (Dkt. #30 at 1.) Because Attorney Bensky no longer represents defendants, this motion must be denied as moot.

**II. *Ex parte* Motion for Appointment of Counsel**

Turning to plaintiff's motion for appointment of counsel, a *pro se* litigant does not have a right to counsel in a civil case, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014),

but a district court has discretion to assist *pro se* litigants in finding a lawyer to represent them. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). First, a district court must find that the plaintiff made reasonable efforts to find a lawyer on his own and was unsuccessful or was prevented from making such efforts. *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). Plaintiff has already met that requirement. (Dkt. #8.)

Second, the court must determine whether this is one of the relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the litigant's demonstrated ability to prosecute it. *Pruitt*, 503 F.3d at 654-55. "The question is not whether a lawyer would present the case more effectively than the *pro se* plaintiff" but instead whether the *pro se* litigant can "coherently present [his case] to the judge or jury himself." *Id.* at 655. However, plaintiff's reasons for requesting counsel as stated in his motion are rooted in his fear of retaliation for pursuing this lawsuit, not in his ability to litigate this case. Based on its review of plaintiff's submissions to date, the court cannot conclude at this stage that plaintiff is no longer able to litigate this case, or that it will boil down to issues too complex for him to handle. The parties are conducting discovery, and plaintiff, having diligently engaged in motion practice, has demonstrated that he can write clearly, that he understands the facts and legal standards applicable to his claims, and can effectively advocate for himself. Accordingly, plaintiff's motion for appointment of counsel will be denied without prejudice to its renewal at a later date should any specific litigation tasks become too difficult. For now, plaintiff should carefully review this court's preliminary pretrial conference order (dkt. #21) and do his best to follow the order's guidance.

ORDER

IT IS ORDERED that:

1) Plaintiff Emir Dini's motion to disqualify defense counsel (dkt. #23) is DENIED as moot.

2) Plaintiff's *ex parte* motion for appointment of counsel (dkt. #24) is DENIED without prejudice.

Entered this 20th day of May, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge