IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EMIR DINI,

                    Plaintiff,                    OPINION AND ORDER

    v.

                                                      20-cv-87-wmc

STATE OF WISCONSIN,
and WISCONSIN LEGISLATIVE
REFERENCE BUREAU,

                    Defendants.

---

*Pro se* plaintiff Emir Dini is proceeding against defendants on Title VII claims of race, national origin, and religious discrimination under theories of disparate impact and disparate treatment. (Dkt. #18.) Defendants have filed a motion to compel plaintiff's deposition after plaintiff first delayed on short notice and then twice failed to attend properly noticed depositions. (Dkt. #47.) Defendants also seek sanctions in the form of reimbursing their court reporter costs and staying plaintiff from conducting further discovery until he attends a deposition. (*Id.*) In responding to defendants' motion, plaintiff was also ordered to show cause why his case should not be dismissed in light of his alleged conduct. (Dkt. #49.) For the following reasons, the court will grant in part and deny in part defendants' motion.[1]

---

[1] In light of this opinion, the telephonic status conference scheduled for April 22, 2022, will be cancelled.

RELEVANT BACKGROUND[2]

Generally, Dini claims that because of discriminatory hiring practices, the Wisconsin Legislative Reference Bureau denied him a legislative research analyst position in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. The parties-in-suit encountered problems soon after discovery began in this case. To start, Dini filed a motion to disqualify defense counsel (dkt. #23), followed shortly thereafter by two motions to compel (dkt. ##29, 34). While Dini withdrew one motion to compel, in briefing on his second motion, a factual dispute arose over the nature of Dini's communications with defense counsel regarding their discovery dispute and obligation to confer in good faith, resulting in the parties asking the court to warn the other side to be more professional and courteous. (Dkt. ##34 at 6-7, 35 at 12-13.) Among other things during this dispute, Dini referred to defense counsel as "a horrible human being" and a "sociopath" in emails; he also accused counsel of having "bilked in excess of $100,000+ in litigation-related costs" from the state and viewing Dini as "a jobs program." (Dkt. ##32-2 at 1-2, 35 at 3.) Even so, the magistrate judge granted Dini's renewed motion to compel in part on August 18, 2021, while also admonishing him for improper conduct *and* warning Dini that any similar conduct would result in commensurate sanctions, among them including possible dismissal of his claims with prejudice. (Dkt. #39 at 6-8.)

About a month later, *defendants* filed a motion to compel Dini's appearance for a deposition and for sanctions, alleging that he had twice failed to attend properly noticed

---

[2] The allegations raised in Dini's complaint, as set forth in detail in the court's November 17, 2020, screening order, provide additional background. (Dkt. #18 at 2-4.)

2

depositions without notice and had yet to provide any explanation for these failures. (Dkt. #47 at 1.) In support, defendants argued that while they had cooperated with plaintiff's discovery requests, albeit grudgingly, plaintiff was refusing to cooperate altogether with defendants' only requested discovery, which was to take plaintiff's deposition. In keeping with his recent warning to Dini, the magistrate judge next ordered plaintiff to show cause by October 1, 2021, why his lawsuit should not be dismissed with prejudice for failure to fulfill his discovery obligations, as well as reminding him of his obligation to obey the court's past order regarding his conduct. (Dkt. #49.)

Dini was then granted three, separate extensions to craft his response to the show cause order. (Dkt. ##53, 56, 59.) Relevant here, Dini attested in his October 8, 2021, request for additional time to respond that his "current prescriptions interfere with [his] ability to engage in intensive intellectual activity" and cause "severe brain fog," leaving him unable to attend "the deposition" because of "a side effect" requiring "medical attention." (Dkt. #54 at 1.) Dini similarly attested in his October 20, 2021, extension request that his failure to attend "the deposition was the result of a medical emergency." (Dkt. #57.) While ultimately granting most of the additional time he sought, the magistrate judge also warned Dini that the information and documentation he had provided in support of his medication issue to date did not "come close" to establishing good cause for repeatedly missing noticed depositions, especially without even giving opposing counsel the courtesy of advanced warning that he would not attend. (Dkt. #56.)

Dini ultimately filed his response on October 22, 2021, to which defendants replied on October 28. (Dkt. ##60, 61.) The next day, Dini filed a declaration and exhibits in

3

support of his response.  (Dkt. #64.)³  The parties' submissions help fill in some of the gaps in the record.

Specifically, on August 4, 2021, defense counsel emailed Dini offering five, possible deposition dates *and* to take the deposition using Zoom video conferencing software, so that Dini would not have to travel to Wisconsin.  (Dkt. #48-1 at 1.)  In response, Dini informed defense counsel that "[a]ny question you ask of me, the response will be that 'I respectfully invoke my 5th amendment right against self-incrimination.'"  (Dkt. #48-2 at 3.)  Counsel responded that he still wanted to depose Dini, explained that this was a civil matter, and explained that the right Dini intended to invoke would apply only if he were to be asked about a crime.  At that point, Dini tentatively agreed to be deposed at 10 a.m. CST on August 17, 2021, while repeatedly asking defendants' counsel to send him the questions ahead of time, to which counsel responded that he was under no obligation to do so.  (*Id.* at 1-2.)  Based on this exchange, defendants next sent Dini a formal notice of deposition, specifying that it would be held via Zoom and including a warning of possible dismissal for failure to appear.  (Dkt. #48-3.)

Three days before the deposition, on August 14, 2021, Dini told defense counsel that he needed to reschedule without providing a reason why.  (Dkt. #48-4 at 2.)  Counsel agreed, while informing Dini that he could not reschedule on short notice again.  (*Id.* at 1.)  Specifically, the parties agreed to reschedule the deposition for August 19, 2021, at 1 p.m.

---

³ The court emphasizes that despite repeated extensions, Dini filed his declaration and supporting documents the day *after* defendants filed their reply, so defendants did not have the opportunity to review those submissions.  (Dkt. ##61, 63, 64.)  The court has considered these in light of Dini's *pro se* status and the fact that defendants are not prejudiced because the submissions do not change the outcome.

CST, with Dini again pressing counsel to send defendants' questions in advance. (*Id.*) Defendants then sent Dini an *amended* notice of deposition on August 17, 2021, including the same Zoom notice and dismissal warning. (Dkt. #48-5.)

That deposition did not take place either, despite defendants' counsel emailing Dini seven minutes after it was scheduled to begin to remind him of his deposition, providing another link to the video meeting, and warning him that he had until quarter past the hour to appear. (Dkt. #48-6 at 1.) In addition, counsel and the court reporter each called Dini's cell, leaving him voicemails before counsel finally went on the record at 1:30 p.m. and noted Dini's absence. After 2:00 p.m., Dini finally replied to counsel's email as follows: "I was there, called in 4x. I can hear y'all but y'all can't hear me," then gave his cell phone number. (*Id.*) In his declaration in opposition to the order to show cause, Dini further attests that he "called the provided contact number on FOUR separate occasions," "was present in the Zoom virtual conference," and asked to be unmuted after being unable to hear either defense counsel or the court reporter. (Dkt. #64 at 2.) However, Dini did not claim to having called either counsel or the court reporter to let them know he was trying to join the deposition, nor explain his reasons for waiting almost an hour past its designated start time to respond to counsel's email.

Rather than file a motion to compel at that point, defense counsel again reached out to Dini and offered him "one more chance" to attend his video deposition. (Dkt. #48-8 at 2.) In making that offer, counsel emphasized that defendants had noticed a *video* deposition because counsel would need to show Dini exhibits on his screen, so calling in was not and would not be sufficient. (*Id.*) The parties then agreed that the video

5

deposition would proceed on September 3, 2021, at 1 p.m. CST, and defendants sent Dini a third, amended notice of deposition that again specified the deposition would be held via Zoom *and* included the same dismissal warning.  (Dkt. #48-9.)

This third, formally noticed deposition also did not take place.  At 1:07 p.m. on September 3, 2021, counsel emailed Dini reminding him of the deposition and providing him another link for the virtual meeting.  (Dkt. #48-10.)  Counsel also called plaintiff a minute later and left a voicemail.  Then, at 1:16 p.m., counsel went on the record and noted Dini's absence.  As of September 15, 2021, the date defendants filed their motion to compel, Dini had still not provided any explanation why he had missed that deposition.  (Dkt. #47 at 4.)

In his one-page response to the court's show cause order, Dini asserts that he had suffered "a medical emergency due to his prescription and was unable to attend nor provide notification to counsel."  (Dkt. #60.)  Dini did not specify to which of the noticed depositions he was referring.  In his late-filed declaration, Dini did provide some detail regarding his medical treatment from late July through late October 2021, but specifically, he asserts that as of July 20, 2021, he began "receiving treatment from a medical team." (Dkt. #64.)  Unfortunately for plaintiff, his medical records filed under seal indicate that on or about that date, Dini was merely prescribed a standard medication for depression and anxiety after an online consultation.  In fairness, on August 14, 2021, the day Dini contacted defense counsel to reschedule his first noticed deposition, Dini later reported to the prescriber that he was experiencing what he thought could be a "side effect" from that medication and asked for a lower dosage.  However, the record does not reveal what

6

response, if any, Dini received.

More importantly, Dini does *not* claim that he experienced any medication-related issues before the rescheduled deposition on August 19. Instead, Dini attests that he experienced the first of "many episodes of a severe side effect" of his medication on August 14, and "[o]n or around the morning of September 3rd," he again "began to experience the side effect" and "was in no condition to attend the scheduled deposition." (Dkt. #64 at 1-2.) However, the medical records do not document any effort to contact a medical professional on that date, either to report a problem or to seek treatment. Dini further attests that he had additional consultations on October 15 and 18, and, although not supported by his medical records, that he was "medically cleared to return to being actively engaged in these legal proceedings" by October 22, 2021. (*Id.*) Without substantiation, Dini also maintains that the state has "vast resources to cover the costs associated with discovery," while he does not. (*Id.* at 3.)

## OPINION

As this convoluted record shows, plaintiff has delayed on short notice and later outright missed two properly noticed depositions without any advanced explanation and exhibited continued obstructionist behavior even *after* being warned by the court about his failures to cooperate with defendants' counsel on discovery issues. Defendants with good reason, therefore, move to compel plaintiff's deposition or dismiss the case, and for their deposition-related costs. Having carefully considered the parties' submissions, the court must now decide the difficult question of whether this case should proceed any further, and, if so, whether other sanctions are appropriate.

To begin, defendants are entitled to take plaintiff's deposition without leave of court under Federal Rule of Civil Procedure 30(a)(1). Federal Rule of Civil Procedure 37 expressly authorizes sanctions when a party fails to attend his own deposition, including dismissal of the action with prejudice. *See* Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(1) and (d)(3). Of course, to dismiss a case as a sanction under Rule 37 for discovery abuse, the court must find "that the party's actions displayed willfulness, bad faith, or fault." *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009). In this context, "fault" means engaging in "objectively unreasonable behavior," rather than "a mere mistake or slight error in judgment." *Long v. Steepro*, 213 F.3d 983, 987 (7th Cir. 2000). Sanctions must also "be proportionate to the circumstances." *Ebmeyer v. Brock*, 11 F.4th 537, 547 (7th Cir. 2021). This means that a court must weigh imposing a particular sanction against other relevant considerations, such as the extent of the litigant's misconduct and the harm it caused, the adequacy of a less severe sanction, and the merits of the case. *Donelson*, 931 F.3d at 569 (noting the considerations relevant to proportionality and collecting cases).

When considering dismissal, "courts must be especially careful before taking that step." *Evans v. Griffin*, 932 F.3d 1043, 1048 (7th Cir. 2019). This is especially true given this plaintiff's *pro se* status. *See Schilling v. Walworth Cty. Park & Planning Comm'n*, 805 F.2d 272, 277 (7th Cir. 1986) ("[t]he need for the district court to exercise discretion in deciding among alternative sanctions was especially great in this case, given the plaintiff's *pro se* status."). Even so, defendants argue that dismissal is appropriate and proportional under the circumstances here because plaintiff had ample warning from the court regarding his past misconduct, and *still* failed to offer any credible explanation for missing the last

8

two noticed depositions without advance warning, thwarting defendants' efforts to conduct discovery and defend against plaintiff's claims, while repeatedly costing defendants time and resources. In particular, defendants point out that plaintiff has yet to provide any documentation substantiating: his condition or purported medical emergency; any medical appointment or treatment on either rescheduled deposition date; or any other excuse that would begin to explain his repeated failure to contact counsel or the court reporter timely regarding his absence at his properly noticed deposition. (Dkt. #61 at 2.)

Indeed, plaintiff's after-the-fact excuses for repeatedly blowing off his obligation to appear at an agreed upon, noticed video deposition do not hold up. For example, plaintiff does not explain: (1) why he would call into a deposition that he plainly *knew* was to be conducted by video; why he did not answer counsel *or* the court reporter's calls; (2) why he did not try to contact them after supposedly experiencing technical difficulties; or (3) why he waited almost an hour to respond to counsel's email reminding him of the deposition.

Even if plaintiff's failure to appear on August 19th were excused for technical difficulties, plaintiff's explanation for missing the September 3rd deposition is spurious. Plaintiff vaguely asserts that he was suffering a medical emergency caused by a side effect of a relatively standard medication he had already been using. In fairness, plaintiff's submissions show that he sent a message to the prescriber asking for a lower dosage on August 14 regarding what he suspected might be a medication side effect, but there is no indication in the medical records that this concern remained on September 3rd, nor how severely plaintiff was affected on that date or as a general matter, beyond describing an

9

October assertion of "brain fog."  (Dkt. #54 at 1.)  Regardless, plaintiff does not explain why he could not at least have let defense counsel know about the situation -- if not before that day, then on that date or as soon thereafter as possible.  Instead, when defendants filed their motion to compel nearly two weeks later, on September 15, he still had not offered any explanation for his failure to appear.  (Dkt. #47 at 5.)  The court finds plaintiff's complete lack of responsiveness wholly unjustified, and indicative of his general refusal to cooperate in discovery despite bringing suit.

Even now, plaintiff gives no assurances that he is willing to be deposed, which is particularly concerning given his earlier, repeated attempts to avoid a deposition, whether by:  (1) invoking the Fifth Amendment despite bringing this lawsuit, *see Green v. Bock Laundry Mach. Co.*, 490 U.S. 504, 510 (1989) ("Given liberal federal discovery rules, the inapplicability of the Fifth Amendment's protection against self-incrimination, and the need to prove their case, civil litigants almost always must testify in depositions"); *or* (2) demanding that defendants' counsel provide the deposition questions ahead of time, which counsel correctly explained he was under no obligation to do.

Even so, the court will grant defendants' motion to compel plaintiff's deposition, rather than dismiss this case outright, in hopes of plaintiff finally standing for his deposition without further delay.  In doing so, the court acknowledges and appreciates that defendants' counsel, having repeatedly bent over backward to make the deposition happen, incurred costs in attempting to depose plaintiff and in further litigating this case, yet still has not been able to obtain the only discovery requested to defend against plaintiff's claims.  However, given his *pro se* status, plaintiff may have failed to fully appreciate, even after

being warned by the court to comport himself courteously and appropriately towards defendants and their attorney, the consequences of his failure to appear.

Let there be *no* confusion: this is plaintiff's *last* opportunity to conform his conduct to his obligations in discovery of this matter. In particular, defendants may depose plaintiff without leave of court, and plaintiff, whose deposition is important evidence in this case, has provided no reason why he should not have to comply with defendants' request. Accordingly, plaintiff must appear at any place or manner that defendants' counsel should designate for his deposition on at least seven days' notice. Defendants shall also notify the court once plaintiff has completed his deposition, and the court will then schedule a telephonic conference to reset the case schedule. If plaintiff does not appear for his deposition at the time and date noticed, fails to sit through completion of his deposition, or otherwise engages in dilatory or any other inappropriate conduct, the court will dismiss his case with prejudice absent extraordinary good cause.

As for defendants' request for their deposition-related costs as a sanction (dkt. #47 at 6-7), the court does not ordinarily shift costs against *pro se* litigants when they lose discovery disputes, so it will deny defendants' request. *See* Fed. R. Civ. P. 37(d)(3) ("the court must require the party failing to act . . . to pay the reasonable expenses . . . caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust"). However, the court may reconsider awarding costs if plaintiff fails to appear for or to complete another scheduled deposition.

ORDER

IT IS ORDERED that:

1) Defendants' motion to compel plaintiff to attend a deposition (dkt. #47) is GRANTED in part and DENIED in part as set forth above.

2) Plaintiff is DIRECTED to appear for his deposition at the date and time noticed by defendants' counsel consistent with this opinion and order.

3) The telephonic status conference scheduled for April 22, 2022, is cancelled.

Entered this 20th day of April, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge